■ Roy P. Fleury, Appellant, v. Daniel J. Coughlin et al., Respondents. — Appeal from an order of the Supreme Court, Essex County, dismissing appellant's complaint on the merits following a jury verdict of no cause of action. On February 1, 1961, appellant was riding as a passenger in respondent's car. As they approached a blind curve at an estimated speed of 35 to 40 miles per hour another auto traveling at a rapid rate suddenly appeared in the middle of the road about 180 feet in front of them. To avoid the oncoming vehicle respondent quickly pulled off the road and in so doing struck a snowbank as a result of which he lost control of his vehicle striking a tree. Appellant urges that the weight of the evidence indicates that respondent had ample room to avoid the snowbank. The record, however, reveals that the snowbank was only a couple of feet from the paved portion of the road and that there was no more than six feet of pavement between the left front of the oncoming car and the edge of the pavement. It was also stipulated that respondent's car was six feet in width. On this state of the record the jury was not bound to find the respondent negligent. Nor do we find any reversible error in the Trial Judge's original charge or in that given in response to the jury's subsequent request for further instructions. Judgment unanimously affirmed, with costs. Present — Bergan, P. J., Herlihy, Reynolds and Taylor, JJ.

■ Paul H. Nelson et al., Appellants, v. Gimbel Brothers, Inc., Respondent.— Order unanimously affirmed, without costs. (See Rules Civ. Prac., rule 156.) Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.